IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUZANNE LAZENBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-191-WKW |
| | ) |
| LIBERTY LIFE ASSURANCE | ) |
| COMPANY OF BOSTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Suzanne Lazenby's Motion to Strike Affirmative Defenses. (Doc. # 8.) Defendant Liberty Life Assurance Company of Boston has responded. (Doc. # 16.) For the following reasons, Mrs. Lazenby's motion is due to be denied.

Mrs. Lazenby is suing Liberty Life for breach of contract, bad faith, fraud, suppression, and negligent misrepresentation following Liberty Life's denial of her claim for $60,000 in life insurance benefits due upon her late husband's death. In the answer to Mrs. Lazenby's amended complaint, Liberty Life pleaded as defenses that Mrs. Lazenby failed to exhaust her administrative remedies and that some or all of her claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001, *et. seq.* (Doc. # 6, at 17, ¶¶ 68–69.)

Mrs. Lazenby moves to strike these defenses because her employer, The Health Care Authority for Baptist Health, an Affiliate of UAB Health System ("The Authority"), is an instrumentality of the State of Alabama, and consequently, her insurance policy under The Authority's plan is not covered by ERISA. *See* 29 U.S.C. § 1003(b)(1) ("The provisions of [ERISA] shall not apply to any employee benefit plan if such plan is a governmental plan . . . ."); *id.* at § 1002(32) (defining "governmental plan" as "a plan established or maintained for its employees . . . by the government of any State . . . or by any agency or instrumentality [thereof]"). She points out that Liberty Life's answer does not "directly respond to" the amended complaint's allegations that The Authority is a governmental entity and that the sponsored insurance policy is not subject to ERISA. (Doc. # 8, at 3 (citing Doc. # 6, at 4–5 ¶¶ 7–9).)

In short, Liberty Life responds that it disputes Mrs. Lazenby's allegations that The Authority and the relevant insurance policy are exempt from ERISA. Thus, there are questions to be resolved on the merits. It further asserts that it has not admitted that the Plan is exempt from ERISA or that The Authority is an instrumentality of the State of Alabama, and therefore, its affirmative ERISA defenses are consistent with the rest of its answer.

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense." But an affirmative defense should be stricken

only if it is "insufficient as a matter of law" – that is, if "on the face of the [answer], it is patently frivolous," or "clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal quotations omitted).  Liberty Life's sixth and seventh affirmative defenses are neither facially frivolous nor clearly invalid.  Furthermore, assuming Mrs. Lazenby is correct that her insurance policy claim is not within the realm of ERISA, Liberty Life's disagreement with her position requires the court to answer mixed questions of fact and law about her employer and the policy's relationship to ERISA.  A motion to strike is not the vehicle to decide such issues. *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla*., 306 F.2d 862, 868–69 (5th Cir. 1962); *Sweeney v. Am. Registry of Pathology*, 287 F. Supp. 2d 1, 5 (D.D.C. 2003) ("If an affirmative defense presents substantial questions of fact or law, the motion to strike should be denied." (alterations omitted)); *see also* Charles Alan Wright, et al., 5C Federal Practice and Procedure § 1381 (3d ed. 1998).

Consequently, it is ORDERED that the Motion to Strike (Doc. # 8) is DENIED.

DONE this 17th day of October, 2013.

                                          /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE